

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXX~~RD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No, O-5376
Re: Application of Stock
Transfer Law. Article
XV of House Bill No.8,
47th Leg., R.S., P.269,
to certain factual situa-
tions.

Dear Sir:

  We received your letter of June 9, 1943, request-
ing our opinion as to the application of the Stock Transfer
Law to certain factual situations. We copy from said letter
as follows:

  "In administering the Texas Stock Transfer
Tax Law this department has followed the practice
of collecting 3¢ on each share where the value
of the share was less than $10.00. The question
has now arisen, in transferring stock, as to
whether the tax is levied against the shares or
the aggregate value of shares, to wit:

  "1. A broker presents four stock certifi-
cates aggregating 100 shares. All the
certificates stand in the name of the
same person and are to be transferred
to one person. Is it permissible to
treat these four certificates as an ag-
gregate for the purpose of computing
the tax at 30¢ or must each certifi-
cate be considered separately for the
purpose of computing the tax? If they
are considered separately, then the
State tax would be 9¢ per certificate
or a total of 36¢.

  "2. Consider the same state of facts as
question 1, except that all four cer-
tificates stand in the names of dif-
ferent persons and are to be trans-
ferred to one person.

"3.    Consider the same state of facts as question 1, except that the certificates are presented by a broker with a memoranda of sale attached. Stamp taxes are affixed to the Memoranda of sale as though the four certificates should be taxed in the aggregate and not separately.

" . . .

"4.    Where stock is transferred to a custodian by the owner or to the nominee of a custodian, is the Texas transfer tax payable or is the transaction non-taxable? I am informed that such transactions are specifically exempted by the Federal and New York stock transfer statutes, but the Texas statute contains no specific exemption.

"I will thank you to advise this department in answer to these questions."

Section 1, Article XV of H.B. No. 8, supra, provides in part as follows:

"Section 1. There is hereby imposed and levied a tax as hereinafter provided on all sales, agreements to sell, or memoranda of sales, and all deliveries or transfers of shares, or certificates of stock, or certificates for rights to stock, or certificates of deposit representing an interest in or representing certificates made taxable under this Section in any domestic or foreign association, company, or corporation, or certificates of interest in any business conducted by trustee or trustees made after the effective date hereof, whether made upon or shown by the books of the association, company, corporation, or trustee, or by any assignment in blank or by any delivery of any papers or agreement or memorandum or other evidence of sale or transfer or order for or agreement to buy, whether intermediate or final, and whether investing the holder with the beneficial interest in or legal title to such stock or other certificate taxable hereunder, or with the possession or use thereof for any purpose,

or to secure the future payment of money or the future transfer of any such stock, or certificate, on each hundred dollars of face value or fraction thereof, three (3) cents, except in cases where the shares or certificates are issued without designated monetary value, in which case the tax shall be at the rate of three (3) cents for each and every share. It shall be the duty of the person or persons making or effectuating the sale or transfer to procure, affix, and cancel the stamps and pay the tax provided by this Article. It is not intended by this Article to impose a tax upon an agreement evidencing the deposit of certificates as collateral security for money loaned thereon, which certificates are not actually sold, nor upon such certificates so deposited, nor upon transfers of such certificates to the lender or to a nominee of the lender or from one nominee of the lender to another, provided the same continue to be held by such lender or nominee or nominees as collateral security as aforesaid, nor upon the retransfer of such certificates to the borrower, nor upon transfers of certificates from a fiduciary to a nominee of such fiduciary, or from one nominee of such fiduciary to another, provided the same continue to be held by such nominee or nominees for the same purpose for which they would be held if retained by such fiduciary, or from the nominee to such fiduciary, nor upon mere loans of stock or certificates, or the return thereof, nor upon deliveries or transfers to a broker for sale, nor upon deliveries or transfer by a broker to a customer for whom and upon whose order he has purchased the same . . . . . Where the transaction is effected by the delivery or transfer of a certificate the stamp shall be placed upon the surrendered certificate and canceled; and in cases of an agreement to sell, or where the sale is effected by delivery of the certificate assigned in blank, there shall be made and delivered by the seller to the buyer, a bill or memorandum of such sale, to which the stamp provided for by this Article shall be affixed and canceled, . . . ."

The Stock Transfer tax is an excise tax upon the privilege of transferring shares or certificates of stock. Our Opinion No. 3594. The tax is not levied against the value of the stock. The value of the stock is only a factor in determining the amount of tax imposed on the privilege of transferring stock or certificates of stock.

Our Stock Transfer Act is not entirely clear with respect to the computation of the amount of tax imposed in the factual situations contained in your letter. The Act does provide that in those instances where the transaction is effected by the delivery or transfer of a certificate, the stamp shall be placed on the surrendered certificate and canceled. This leads us to believe that the Legislature intended that each certificate be treated separately when computing the amount of tax due.

In those transactions where the certificates are assigned in blank, the Act requires that a memorandum of sale must be delivered by the seller to the buyer to which the tax stamps must be affixed and canceled. To our minds this indicates that the several certificates should be considered in the aggregate when computing the amount of tax due.

While we have been unable to find any cases on this question, we do find the following pertinent language in "The Transfer of Stock", Christy and McLean (Second Edition) pages 516-517:

> "In the case of shares having a par value, under all of the laws except New York, the tax is computed on the total par or face value of the certificate, and not on the par value of each share. For example, under the Massachusetts and Pennsylvania laws the transfer of a certificate for one share of stock of the par value of $10 is subject to a two cent tax; and a tax of the same amount is payable on the transfer of a certificate representing 10 shares of such stock. The transfer of a certificate for such stock representing 11 or 20 shares would be taxable in the amount of 4 cents. Sim-

ilarly, under the Federal statute the tax on
the transfer of a certificate for such stock
representing 11 shares or 20 shares would be
8 cents, provided the transfer did not repre-
sent a sale for $20 or more per share, in which
case the tax would be 10 cents. Under the New
York law the tax is computed on the basis of
the number of shares represented by the certif-
icate. The tax is 3 cents on each share sold
for less than $20 per share and 4 cents on each
share sold at $20 or more. The tax is 3 cents
per share on transfers which do not involve a
sale.

"Under the Federal statute, where four
certificates, registered in the names of four
different persons, are presented for transfer
to another person in the form of a single cer-
tificate, the transaction represents four sepa-
rate transfers. Where four certificates, regis-
tered in the name of the same person, are pre-
sented for transfer to another person, in the
form of a single certificate, the tax is com-
puted on each certificate, unless the certifi-
cates are accompanied by a bill of sale with
the stamps attached thereto. Where a broker
presents several certificates for transfer, and
such certificates are registered in different
names and the certificates are accompanied by
a bill of sale, the tax is computed on the total
number of shares covered by the memorandum of
sale."

While the above quote is not conclusive and while
it is based on departmental rulings and regulations, we
nevertheless think that same is persuasive of the construc-
tion of our law.

To summarize, we are of the opinion that as to
your first and second factual situations the certificates
in question should be considered separately when computing
the amount of tax due. As to your third factual situation,
we are of the opinion that the certificates should be con-

sidered in the aggregate when accompanied by a memorandum of sale with stamps affixed thereto. We have assumed that the certificates mentioned in your third factual situation were assigned in blank and this opinion is so limited.

In answering your fourth factual situation, your attention is called to the first part of Section 1, supra, which provides in effect that all transfers of stock or certificates of stock are subject to the tax in question. The Act does provide certain exceptions or exemptions. Strictly speaking, the transfer mentioned in your fourth question does not appear to be exempted or excluded by name. However, as we are not furnished with any particular facts, we are unable to give you a specific or concrete answer to your fourth question. We will say that the transfer in question is taxable unless the facts surrounding same bring it clearly within the exemptions or exceptions contained in the Act.

Trusting that the foregoing answers your inquiry, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED AUG. 6,1943
/s/ Grover Sellers
   FIRST ASSISTANT
ATTORNEY GENERAL

By   /s/ Lee Shoptaw
      Lee Shoptaw
      Assistant

LS:ff:zt

APPROVED
Opinion
Committee
By BWB
Chairman